**FILED - KZ**

February 22, 2010 1:52 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
___ bd ___ / ___

**PETITION UNDER** ⬭ JSC § **2255 TO VACATE, SET ASIDE** ⬭
**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

AO 243 (Rev. 2/95)

| UNITED STATES DISTRICT COURT | District | |
|---|---|---|

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| DARRON DEON HOWARD | 12823-040 | 1:06:CR-126-01 |

Place of Confinement
TERRE HAUTE, IN 47808 P.O.BOX 33

1:10-cv-163
Paul L. Maloney, Chief Judge
United States District Court

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | V. | DARRON HOWARD |

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

2. Date of judgment of conviction OCTOBER 22,2007

3. Length of sentence 120 months

4. Nature of offense involved (all counts) Felon in Possession of a Firearm Title 18 U.S.C. § 922(g)(1)

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   ONE COUNT INDICTMENT.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐



AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court __UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MICHIGAN__

   (b) Result __CONVICTION AFFIRMED__

   (c) Date of result __November 17, 2008__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

   Yes ☐     No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _____

      (2) Nature of proceeding _____

      (3) Grounds raised _____

      (4) Did you receive an evidentiary hearing on your petition, application or motion?

         Yes ☐     No ☐

      (5) Result _____

      (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

      (1) Name of court _____

      (2) Nature of proceeding _____

      (3) Grounds raised _____

(3)

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒   No ☐

(5) Result _____

(6) Date of result _____   _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☒        No ☐
(2) Second petition, etc.      Yes ☐        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:   If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.



AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Ineffective Assistance of Counsel for failure to pursue Petitioner's prior Juvenile Adjudication.

Supporting FACTS (state *briefly* without citing cases or law)

Counsel allowed the sentencing Court to use Petitioner's

Juvenile record to enhance Petitioner's sentence

B. Ground two: Ineffecthive Assistance Of Counsel for failure to object to Petitioner's Criminal History over-represented it self.

Supporting FACTS (state *briefly* without citing cases or law) The Court used Petitioner's misdameanors as though they met the requirement for enhancement

C. Ground three: Ineffective Assistance Of Counsel for failure to pursue the two point enhancement for Non-Qualifying Juvenile Adjudication.

Supporting FACTS (state *briefly* without citing cases or law) The Court used Petitioner's Juvenile Adjudication that did not met the requirements forenhancement

(5)

AO 243 (Rev. 2/95)

D.    Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: ___Counsel was Ineffective and failed to raise

these meritorious issues _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ☐      No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing ___Craig A. Frederick Attorney at law 3330 Grand Ridge___

Drive NE. Grand Rapids, MI 49525 _____

(b) At arraignment and plea ___Craig A. Frederick___ '

_____

(c) At trial ___Craig A. Frederick___

_____

(d) At sentencing ___Craig A. Frederick___

_____

AO 243 (Rev. 2/95)

(e) On appeal ___Craig A.Frederick___

(f) In any post–conviction proceeding ___Pro Se,___

(g) On appeal from any adverse ruling in a post–conviction proceeding ___Craig A,Frederick___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
   Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   Yes ☐   No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐   No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

___2·16·2010___
(Date)

_____
Signature of Movant

(7)

**IN THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN**

United States of America,

            **Plaintiff,**

 v.

**Darron Deon Howard,**

            **Petitioner.**

**MEMORANDUM IN SUPPORT OF MOTION PURSUANT
TO 28 U.S.C. §2255, TO VACATE, SET ASIDE,
OR CORRECT SENTENCE**

  Now comes, Petitioner Darron Howard, Pro Se, as Petitioner herein and respectfully submits this memorandum in support of his motion pursuant to Title 28, United Code, Section 2255, in support of same. Petitioner adopts and incorporates his motion under 28 U.S.C. §2255, as fully set forth herein.

**(a) Jurisdiction.**

  Jurisdiction is provided pursuant to Title 28, United States Code, Section 2255, which states in relevant part:

> a person in custody under sentence of a court
> established by an act of Congress claiming
> the right to be released upon the ground that the
> sentence was imposed in violation of the Constitution
> or laws of the United States .... may move
> the court which imposed the sentence to vacate,
> set aside, or correct the sentence.

## (b) Prelude

It is Petitioner's contention that the federal conviction on Count One of the indictment was obtained, and the sentence imposed there under, is in violaton of his constitutional protection under the Juvenile Ajudication Act, and of the Sixth Amendment to the United States Constitution, specifically, the right to effective assistance of counsel.

## (c) Claims

Petitioner is contending that trial counsel rendered ineffective assistance when he (1) failed to object in court how Petitioner's criminal history over represented itself. (2) counsel's failure to make meritorus challenge to a non-qualifying predicate for calculation of the criminal history.

### Statement of Case

### Factual History

In the early morning hours of February 3, 2006, the Grand Rapids Police Department requested all units in the vicinity of Grandville Avenue and Oakes Street to respond to a fight in progress. Three well-frequented bars are located in the vicinity of that intersection. When officers arrived, people were in the streets everywhere with several being loud and disorderly.

An individual, Mr. Paymen Moayer, was selling pizzas that night and saw the defendant get out of his vehicle, pull out a gun, and point it at an individual he was arguing with. Mr. Moayer immediately went to officers and reported what he had witnessed,

2

and provided a description of the individual. Based on the descrip-
tion, officers recognized the individual and began to approach him.

The defendant began to run as soon as he saw the
officers. The officers pursued, identifying themselves and
ordering the defendant to stop. He ignored these orders and
continued to flee. As officers pursued, they say the defendant
reach into his waistband, retrieve a handgun, and throw it under
a parked car. They heard a metallic sound when the firearm hit
the pavement. The defendant was eventually caught and arrested
by pursuing officers.

The gun was found near the vehicle. It was fully loaded
with five live rounds of ammunition, and the hammer was in the
cocked and ready-to fire position. The presentence report author
noted that this type of gun did not have a saftey 1/ The gun was
identified as a Clerke, Model Clerke 1st., 32 Wesson caliber,
double-action revolver, serial number 910853.

After the defendant was apprehended, and the gun was
secured, the officers went back and spoke with Mr. Moayer. He
confirmed that the person arrested was the individual that had
the gun. He reported to the officer that he saw the defendant get
out of a white vehicle, pull a gun from his waistband and point
it at an individual he was arguing with.

---

1/ The probatation officer noted that "this handgun had no
mechanical safety" and was ready to discharge when the
hammer was pulled back..." Nonetheless, the court inad-
vertently mention a safety at the sentencing hearing.

3

## Argument

Petitioner avers that counsel was ineffective when counsel failed to pursue a meritoris claim of Petitioner's prior juvenile adjudication. Had counsel pursued this issue counsel would have discovered Petitioner's juvenile adjudication was a non-qualifying predicate.

Under Strickland v. Washington, 80 L.Ed 2d 674, 466 U.S. 668, it was held the (1) a convicted defendant alleging ineffective assistance of counsel must show not only that counsel was not functioning as the counsel guaranteed by the Sixth Amendment so as to provide reasonably effective assistance but also that counsel's errors were so serious as to deprive the defendant of a fair trial because of a reasonable probability that, but for counsel's unprofessional errors, the results would have been different.

Petitioner argues, that his two prior misdemeanor offenses: Unlawful Driving Away an Automobile, on 02/21/01, which petitioner received one point,and False Information to a Police Officer on 01/02/02, which Petitioner also received one point as well.

In United States v. Douglas, 81 F.3d 324 (2nd Cir. 1996) held that it was necessary to remand a case for resentencing because the youth offender adjudication of defendant, who was convicted of narcotics should not have been counted in determining the criminal history category.

In United States v. Hall, (6th Cir. 2008), which held that

4

Defendant's prior misdemeanor conviction should not have been
counted in calculating his criminal history points pursuant to
U.S.S.G. §4A1.2.

Had counsel investigated, counsel would have discovered that
Petitioner's prior juvenile adjudication existed.

Counsel violated Petitioner's Sixth Amendment right when
counsel failed to provide reasonably effective assistance, by not
pursuing Petitioner's prior juvenille adjudication, counsel would
have discovered that Petitioner's prior juvenile adjudication was
a non-qualifying predicate. This error was so serious that it
deprived Petitioner out of a just and fair sentence, because of
the fact - but for counsel's unprofessional errors, the results
would have changed Petitioner's sentence substantially. For
example: Petitioner received a total of 13 criminal history points.
According to the sentencing table at U.S.S.G., Chapter 5 Part A.13,
criminal history points establish a criminal history category of
VI. Remove the 2 points for the non-qualifying juvenile adjudication
and Petitioner would have eleven (11) points rendering him in
criminal history category V. and total offense level at 28, giv-
ing Petitioner a sentence between 130-162 months as oppose to
criminal history category VI, offense level 28, giving Petitioner
a sentence between 140-175 months.

In Strickland, the court held that in order to establish
ineffective assistance of counsel, a defendant must prove that :
(1) counsel's performance was deficient; and (2) such perfor-
mance prejudiced the defense. See 466 U.S. at 687.

5

Petitioner has met this burden of the two prong test in Strickland, Id. Counsel's failure to raise the non-qualifying predicate constituted deficient performance and there was a reasonable probability that if counsel had raised these issues, the outcome of the sentence would have been different. Petitioner state for the abovementioned reason that the court should resentence him to reflect an appropriate sentence.

## Issue II

Petitioner claim trial counsel rendered ineffective assistance when counsel failed to object in court and at sentencing how Petitioner's crinimal history over-represented itself.

Petitioner avers that his sentence is unreasonable, given that his prior juvenile offender adjudication were over-represented in the sentencing report, leading to a higher than necessary criminal history category making Petitioner eligible for a downward departure due to the over-representation of his criminal history. See 253 Fed. Appx. 515, United States v. Nicholson, Nov. 1, 2007.

Under 18 U.S.C. §3553(b) a district court may depart downward in cases were the court concludes that a defendant's criminal history category significantly over-represents the seriousness of Petitioner's criminal history and likelihood that the Petitioner will comit further crimes. See United States v. Hall, 531 F.3d 414 (6th Cir. 2008), which held that Defendant's prior misdemanor convictions should not have been counted in calculating his criminal history points pursuant to U.S.S.G. §4A1.2(c)(1).

6

Petitioner avers that because Petitioner did not actually serve any time for the two misdemeanor convictions in question and was only given a continueous probation is proof enough that Petitioner's prior misdemeanor over-represented itself.

Under Strickland v. Washington, 80 L.Ed. 2d 674, 466 U.S. 668, counsel falls below the professional norm of reasonableness when counsel demonstrates a mere perfunctory and formal representation in violation of the constitution guarantees of assistance of counsel and assurance of due process. There can be no quarrel with proposition that the right to counsel means the right to the conscientious service of competent counsel. Von Moltke v. Gillies, 332 U.S 708, 722-723, 68 S.Ct. 316, 92 L.Ed. 309. Mere perfunctory appearance for a defendant is not enough. Powell v. Alabama, 287 U.S. at pp.58, 71, 53 S.Ct 55, 77 L.Ed. 158, 84 A.L.R. 527.

Here, in the abovemention, counsel failed to object and pursue a meritorious issue that would have made a substantial difference in Petitioner's sentence, for example had counsel pointed out to the court how Petitioner's misdemeanor convictions over-represented the seriousness of Petitioner's criminal history. Petitioner would not have had 13 criminal history points, but 11 criminal history points, making a significant difference between the 140-175 months that Petitioner received as opposed to the 130-162, that Petitioner should had received had counsel only function as a competent counsel.

Petitioner prays that for the abovemention reason this

7

Honorable Court remands Petitoner's case back to the district court for resentencing to reflect the appropriate sentence of the guidelines absent the none qualifying juvenile adjudication and the misdemeanor conviction that added 2 points which over-represented the seriousness of Petitioner's criminal history.

### Issue III

Petitioner claims that he received ineffective assistance of counsel at the sentencing phase, due to his counsel's failure to pursue a meritorious argument of Petitioner's two point enhancement for a non-qualifying juvenile adjudication.

Counsel falls below the professional norm of reasonableness when counsel demonstrates a mere perfunctory and formal represen-tation, in violation of the constitution guarantees of assistance of counsel and assurance of due process. Strickland v. Washington, 80 L.Ed. 2d 674, 466 U.S. 688.

Under Chapter Four Part A, Criminal History $\S4A1.2(d)(2)(B)$ states to add 1 point under $\S4A1.1(c)$ for each adult or juvenile sentence imposed within five years of the defendant's commence-ment of the instant offense not covered in (A) and (3) any prior sentence not within the time periods specified above is not counted. Also, under (F) Diversionary Dispositions, diversion from juvenile court is not counted. Petitioner claims had counsel conducted an adequate investigation into Petitioner's diversio-nary disposition, counsel would have seen that Petitioner's non-qualifying juvenile adjudication is not to be counted. See

8

Chapter Four, Part A, §4A1.1(F).

Counsel would have also discovered Petitioner's Unlawful Driving Away an Automobile/Kent County Juvenile Court, Grand Rapids, MI, Dkt. No. 93-1424-02-DL, dated 02/21/01, and False Information to a Police Officer/Kent County Juvenile Court, Grand Rapids, MI, Dkt. No. 93-1424-02-DL, were not to be counted under §4A1.2(e)(3) any prior sentence not within the time periods specified above is not to be counted. Which means the abovemention cases were not to be counted because they were past the five year period for counting a juvenile sentence under §4A1.1(c).

Furthermore, Petitioner avers that the sentencing court erred when the it added 2 criminal history points under U.S.S.G. §4A1.1(b), 4A1.2(d)(2)(A) for Count 1: Retail Fraud-2nd; Count 2: Unarmed Robbery; Count 3: Curfew Violation/Kent County Juvenile Court, Grand Rapids, MI, Dkt. No. 93-1424-02-DL.

The above incident took place as far back as 08-22-96 when Petitioner was only eleven (11) years old at the time. Ten years prior to the instant offense of February 03, 2006, which is well past the five (5) year period for counting a juvenile sentence under §4A1.1(c). This error if corrected would reduce petitioner's sentence substantially from criminal history category eleven (11) to criminal history category nine (9), placing Petitioner in cate-gory IV with offense level 28. This gives Petitioner a sentencing range between 110-137 months rendering Petitioner a substantial reduction from incorrect sentence of 130-162 months.

9

In support of Petitioner's claim, the court had already removed two of Petitioner's criminal history points due to the five year period under §4A1.1(c). See Petitioner's Sentencing Transcripts, pg, 14, ¶2.

Petitioner concludes for the abovemention reason and request this Honorable Court reverse and remand Petitioner back to the district court for resentencing.

Respectfully submitted,

Barron D. Howard, Pro-Se
Fed. Reg. No. 12823-040
F.C.I. - Terre Haute
P.O. Box 33
Terre Haute, IN 47808-0033

10

## Notice of Filing/Proof of Service

To:  The United States District Court
     For The Western District of Michigan


Attn:  Clerk of Court, three (2) copies
       410 W. Michigan Ave
       B-35 Federal Building
       Kalamazoo, MI 49007

To:  United States Attorney Office one (1) copy
     Jeff Davis P.O. Box 208
     Grand Rapids, MI 49501


## Certificate of Service

I, Darron D. Howard, do swear under penalty of perjury that
I served the above attached 2255 motion, which I mailed by placing
said document in the U.S. mail, first-class, postage prepaid, using
the legal-mail mailing system at this F.C.I., Terre Haute, IN,
this 16 day of February , 2010.

Darron D. Howard, Pro Se
Fed. Reg. 12823-040
F.C.I. - Terre Haute
P.O. Box 33
Terre Haute, IN 47808

## Declaration

I, Darron D. Howard, declare pursuant to Title 28 U.S.C.
§1746 and Title 18 U.S.C. §1621, that the above is true.

EXECUTED this 16 day of February , 2010.

Darron D. Howard

11